657 A.2d 972

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Barney FITTEN.**

Superior Court of Pennsylvania.

Argued March 29, 1995.

Filed April 21, 1995.

374

Hugh Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com. appellant.

Samuel C. Stretton, West Chester, for appellee.

Before TAMILIA, HOFFMAN and CERCONE, JJ.

TAMILIA, Judge:

On March 27, 1992 the appellee, Barney Fitten, allegedly robbed the victim, 47–year old Edward Paige, and then tossed the 135 pound man over a multi-level shopping center railing to his death, two stories below. On November 12, 1992, a trial judge sitting as fact-finder found Fitten guilty of second degree murder and robbery, sentenced him to mandatory life imprisonment for the murder conviction, ordered a presentence report and set a date for post-verdict motions to be heard. The verdicts were duly recorded, the case was adjourned and the defendant and his counsel left the courtroom. While the trial court Opinion avers the district attorney remained in the room, this is reflected nowhere in the record. After the court attended to a few unrelated matters, and apparently, upon reconsideration of the appellee's case, had misgivings, the judge ordered counsel and the defendant to return to the courtroom for additional argument. Defense

counsel argued the evidence was insufficient to support the verdicts. The Commonwealth responded to the arguments and also voiced its objection to the court's sua sponte decision to reconvene the case. The court then decided its original verdicts had been improper and changed the verdicts to murder in the third degree and misdemeanor one, theft.

On appeal the Commonwealth argues the trial judge erred by substituting new verdicts to supplant those already recorded and for which the defendant had, in part, already been sentenced.

■ This issue is controlled by our Supreme Court's decision in *Commonwealth v. Stark,* 526 Pa. 1, 584 A.2d 289 (1990), wherein the Court held, *inter alia,* a trial judge's authority over a verdict in a nonjury trial, like that of his authority over a jury verdict, is limited to ruling on post-verdict motions for an arrest of judgment or the grant of a new trial. *Id. See also Commonwealth v. Gaither,* 355 Pa.Super. 502, 513 A.2d 1034 (1986). Only causes appearing on the face of the record or insufficiency of the evidence will justify the grant of a motion in arrest of judgment. *Id.* Here, when court reconvened and additional argument was allowed, the trial judge reasoned:

THE COURT: Mr. Fitten [defendant] is back in the courtroom. Moments ago, in a waiver trial after argument the court found the defendant guilty of second degree murder and robbery. Quite frankly, after the defendant left the courtroom the court reconsidered the robbery, the conviction, and defense counsel has requested additional argument. Is that correct?

MR. MALLIOS: [defense counsel] Yes, your honor, I request that you set aside and reconsider your verdict and I be permitted to make additional argument in that regard.

MR. DANIELS: [district attorney] Your honor, the Commonwealth would object to that at this time.

THE COURT: I think because this is contemporaneous with the verdict, a matter of only moments has gone by since the actual verdict was rendered, and the court, in

reviewing the testimony that it was considering, thinks it may not be the proper verdict. So on that, I will overrule your objection and additional argument is allowed.

(N.T., 11/12/92, p. 134.) After hearing argument which essentially reiterated the testimony presented at trial, the trial court reconsidered or reweighed the evidence presented and changed the verdicts.

 Based on Pennsylvania case law, we find the trial court erred and the judgment of sentence imposed for third degree murder and theft must be vacated. A post-verdict court may not simply reweigh evidence *de novo* and change its mind. *Commonwealth v. Mazon Johnson,* 428 Pa.Super. 494, 631 A.2d 639 (1993) (*en banc*); *see also, Commonwealth v. Nock,* 414 Pa.Super. 326, 606 A.2d 1380 (1992) (Distinguishing trial court authority and that of a post-verdict court, the latter functions as an appellate court). Although a post-verdict judge may be disturbed by a verdict, his discretionary powers are limited to a determination of whether the evidence was sufficient to uphold the original verdict, and may not alter the original verdict and substitute a new one. *Commonwealth v. Rawles,* 501 Pa. 514, 462 A.2d 619 (1983). *See also Gaither, supra,* 355 Pa.Super. 502, 513 A.2d 1034.

Having found reversible error requiring reinstatement of the original verdicts and remand of this matter to the trial court for further proceedings, we will not address appellant's second argument challenging the sufficiency of the evidence presented in support of the second degree murder conviction.

The Order convicting defendant of third degree murder and misdemeanor one, theft, is hereby vacated. The original convictions of second degree murder and robbery, with the mandatory life sentence, are hereby reinstated and the case is hereby remanded for presentence investigation and post-sentence motions.

Jurisdiction relinquished.