J-S46027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN KNIGHT | |
| Appellant | No. 2745 EDA 2014 |

Appeal from the Judgment of Sentence August 26, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003563-2013

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:          **FILED October 13, 2015**

Appellant, Brian Knight, appeals from the judgment of sentence entered on August 26, 2014, following his bench trial convictions for one count each of unlawful restraint, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, possessing an instrument of crime (PIC), terroristic threats, simple assault, and indecent assault.[1] Upon review, we affirm Appellant's convictions as set forth in the written verdict and sentencing order, but vacate his sentence for indecent assault as illegal.  Hence, we remand the case for resentencing.

We briefly summarize the facts and procedural history of this case as follows.  Appellant and the victim were previously involved romantically and

---

[1]  18 Pa.C.S.A. §§ 2902, 6106, 6108, 907, 2706, 2701, and 3126, respectively.

have a daughter together. Their daughter, two years old at the time of the incident, has cystic fibrosis. On January 28, 2013, the victim asked Appellant to go to the pharmacy to pick up medicine for their ill daughter. Appellant went to the victim's house and then Appellant asked a friend to drive him to the pharmacy and back to the victim's house. Thereafter, the victim asked Appellant to stay at her residence in case the medicine did not take effect and the child required hospitalization.

Later in the evening, Appellant entered the victim's bedroom and placed his hat, jacket, and hooded sweatshirt on a chair. Appellant grabbed the victim by her leg and dragged her out of bed. Appellant removed a small knife from one of his pockets and cut the victim's underwear from her body. Despite her protestations, the victim claimed Appellant inserted his penis into the victim's anus and attempted to penetrate her vagina. Appellant told the victim that, if he could not have her, nobody else could. Ultimately, Appellant allowed the victim to use the bathroom. When she returned, the victim removed Appellant's clothing from the chair in her bedroom to encourage Appellant to leave. As she did do, she saw a gun. Appellant refused to leave, took the gun, and placed it underneath his jacket. Appellant left the following morning.

The victim called the police and reported the assault. The victim provided police with a formal statement. Police took the victim to the hospital where medical personnel performed a rape kit examination.

Pursuant to a warrant, police recovered a firearm and ammunition from Appellant's residence. Appellant did not have a license to carry a firearm.

Police arrested Appellant on February 12, 2013. Appellant provided them with a formal statement wherein he admitted to bringing a firearm and knife to the victim's house. Appellant averred that he brought the firearm to the victim's residence, which he claimed he found while cleaning someone's house, because the victim's cousin was interested in purchasing it. He claimed that he had consensual relations with the victim, but unintentionally inserted his penis into the victim's anus. Appellant also stated that it was probable he ripped the victim's underwear in a playful manner.

On April 8, 2014, following a four-day bench trial, the trial court found Appellant guilty of the aforementioned charges. The trial court ordered a presentence investigation report. On August 26, 2014, the trial court sentenced Appellant to an aggregate term of 16 to 44 months of incarceration (with credit for time served) and an additional aggregate term of 40 months of probation. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:

> 1. Was not the evidence insufficient to convict [A]ppellant of firearms not to be carried without a license under 18

---

[2] Appellant filed a notice of appeal on September 19, 2014. On September 22, 2014, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on October 9, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 21, 2014.

Pa.C.S.A. § 6106 beyond a reasonable doubt because [A]ppellant's statement admitting to possessing a gun does not establish that it was unlawfully transported in a car or carried and concealed about his person?

2. Is not the sentence of forty (40) months['] probation on count 13, indecent assault under 18 Pa.C.S.A. § 3126(a)(1) an illegal sentence because the offense is properly graded as a misdemeanor of the second[-]degree and the verdict form and sentencing order control?

Appellant's Brief at 3.

In his first issue presented, Appellant contends that the Commonwealth failed to present sufficient evidence to support his conviction for carrying a firearm without a license under 18 Pa.C.S.A. § 6106. *Id.* at 19-23. More specifically, Appellant argues that the Commonwealth failed to present evidence that he concealed a firearm on his person or that he transported the gun in a vehicle. *Id.* at 20. Appellant claims that the record evidence shows that he brought the firearm to the victim's house and left it there before going back out for medicine. *Id.* at 22. Appellant avers that he lives two blocks from the victim's house, making it "less likely that the gun was transported by vehicle" and there was no evidence "that the gun was concealed instead of [] being carried openly the two blocks." *Id.* Appellant further maintains it was trial court error to find concealment based in part on the victim's testimony that Appellant hid the firearm under his jacket after she discovered it in her residence. *Id.* at 23.

Our standard of review for challenges to the sufficiency of evidence is well-settled:

Whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa. Super. 2015) (citation and brackets omitted).

The legislature has defined carrying a firearm without a license as:

[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except **in his place** of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a) (emphasis added).

This Court has previously determined:

The offense defined by the Act is carrying a firearm without a license except in **one's own place** of business or abode. The essence of the offense is the 'concealed carrying' of a weapon, whether it is in a vehicle or on the person. The means by which the gun is transported - car or person - is only detail to describe the method of concealment in which the gun is carried.

*Commonwealth v. Walker*, 280 A.2d 590, 591 (Pa. Super. 1971) (footnote omitted; emphasis added).[3]

Here, the trial court concluded:

> The complainant's testimony about [Appellant] concealing the gun under his jacket, [Appellant's] statement admitting that he owned a gun and took it with him, outside his home, to complainant's home before later traveling in a vehicle to pick up medicine for his daughter and returning to the complainant's home, and the certificate of non-licensure is more than sufficient, with reasonable inferences drawn from that evidence in a light most favorable to the Commonwealth, for [the trial court] to find beyond a reasonable doubt that each element of Section 6106 was proven.

Trial Court Opinion, 10/21/2014, at 5.

Based upon our examination of the record and our standard of review, we agree. In his statement to police, Appellant admitted that he brought a firearm to the victim's residence. In particular, when asked by a detective if Appellant were carrying a gun on the night of the incident, Appellant replied:

> I used to sell scrap metal. [The victim's] cousin wanted to buy the gun. She wanted to keep the gun at the start. […] **I brought the gun that night to show her**. Her cousin wanted to buy the gun. […] He wasn't there. The gun came from a clean-out job; I was cleaning somebody's basement. **I brought the gun there that night**. It didn't even have a clip, the clip in there. She had the gun all night. When I wake up, I asked her where the gun was at, and she gave it to me.

---

[3] While ***Walker*** dealt with 18 P.S. § 4628, now repealed, the statutory language of § 6106 is substantially similar.

N.T., 1/13/2014, at 62 (emphasis added). Appellant also stated that he went to the victim's residence until a friend picked him up in a car and took him to the pharmacy. *Id.* at 58. The victim stated to police that she did not see the firearm until later in the evening, after the assault, when "she went to grab his jacket and [] noticed a gun in the white chair" in her bedroom. N.T., 11/1/2013, at 76. She "didn't see it until then[,]" "[a]fter everything happened; after [she] came out of the bathroom." *Id.* at 76, 86. Appellant put the jacket on the chair in the victim's room just prior to the assault. *Id.* at 63. When the victim told Appellant "to get [the firearm] out of [her] house," Appellant "hid it under his jacket." *Id.* at 81, 27. The following morning, Appellant left. *Id.* at 27. Police eventually recovered a firearm from a bedroom where Appellant was residing. N.T., 1/13/2014, at 73-74.

Appellant admitted that he brought the firearm to the victim's residence on the evening in question. The victim, however, testified that she did not see the firearm until much later that night. Therefore, based upon the circumstantial evidence presented, the trial court was free to infer that Appellant concealed the weapon on his person when he was walking to the victim's residence or, later, when he rode with a friend to the drugstore. There is simply no evidence that Appellant openly carried the weapon to the victim's house or left the weapon there before riding in a vehicle to the pharmacy. The victim did not see the gun until much later, after those events transpired. Thus, the trial court was free to infer that Appellant

concealed the weapon on the way to the victim's residence and/or, subsequently, in a vehicle while running errands.

Viewed in the light most favorable to the Commonwealth, the evidence was not so weak and inconclusive that no probability of concealing the firearm could be inferred from the circumstances. The Commonwealth did not need to disprove that Appellant openly carried the firearm since it is not the Commonwealth's burden to disprove every possibility of evidence. Moreover, the fact that Appellant hid the weapon under his jacket when the victim confronted him about it further evidences Appellant's intent to conceal it. The carrying of a firearm without a license statute prohibits carrying "a firearm concealed on or about [a defendant's] person, except **in his place** of abode or fixed place of business." 18 Pa.C.S.A. § 6106(a)(emphasis supplied). Testimony revealed that Appellant hid the firearm in his jacket when the victim confronted him. At that time, Appellant was in the victim's place of abode, not his own. Therefore, when he concealed the firearm on his person in the victim's bedroom, he was in violation of Section 6106 for this additional reason. Accordingly, we discern no abuse of discretion or error of law in the trial court's determination there was sufficient evidence to support Appellant's conviction under Section 6106.

Next, Appellant contends that his sentence of forty months of probation for indecent assault is an illegal sentence because the offense

should have been graded a second-degree misdemeanor.[4] Appellant's Brief at 24-29. Appellant argues that the trial court rendered an ambiguous verdict on the record by merely stating it found Appellant guilty of indecent assault without specifying the count upon which it relied. *Id.* at 24. Appellant contends that the trial court then "issued, signed, and docketed a clear and unequivocal written verdict finding [Appellant] guilty of a misdemeanor of the second degree and not guilty of the first degree offenses." *Id.* Appellant further contends that the sentencing order also stated as such. *Id.* Appellant posits that the Commonwealth did not move to amend the written determinations and the trial court did not correct the error. *Id.* at 24, 28-29. Appellant contends that the written directives control. *Id.* at 25. Thus, Appellant contends that the trial court's subsequent imposition of a forty-month period of probation is beyond the

---

[4] As the trial court noted, Appellant "was charged with several crimes, including three counts of indecent assault." Trial Court Opinion, 10/21/2014, at 6. "Count 13 was indecent assault without the consent of the complainant. 18 Pa.C.S.A. § 3126(a)(1)." *Id.* "Count 14 was indecent assault by forcible compulsion. 18 Pa.C.S.A. § 3126(a)(2)." *Id.* "And count 15 was indecent assault by threat of forcible compulsion. 18 Pa.C.S.A. § 3126(a)(3)." *Id.* Indecent assault is graded as follows:

   (1)   An offense under subsection (a)(1) or (8) is a misdemeanor of the second degree.

   (2)   An offense under subsection (a)(2), (3), (4), (5) or (6) is a misdemeanor of the first degree.

18 Pa.C.S.A. § 3126(b)(1) and (2).

two-year maximum for a misdemeanor of the second-degree. *Id.* at 24, *citing* 18 Pa.C.S.A. § 106.

This Court has previously determined:

> A court has no authority to change a previously recorded guilty verdict if the change is based on a post-verdict factual redetermination. It is well-settled, however, that a court possesses the inherent power to correct clerical errors appearing either in the record or in its orders. Moreover, the power to correct errors extends to improperly recorded verdicts; thus, a court may correct a recorded verdict if the verdict does not reflect the obvious intention of the trier of fact. Under Pennsylvania's Rules of Appellate Procedure, the trial court retains its power to correct such errors even after an appeal has been taken:
>
>> If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected*,* and if necessary that a supplemental record be certified and transmitted.

*Commonwealth v. Williams*, 519 A.2d 971, 973 (Pa. Super. 1986) (citations omitted).

Our decision in *Commonwealth v. Farinella*, 887 A.2d 273 (Pa. Super. 2005) provides additional guidance. In *Farinella*, following a bench trial, the trial court issued a verdict from the bench finding Farinella guilty of aggravated assault, but not guilty of attempted murder. "Notably, in

- 10 -

announcing its verdict from the bench, the court did not specify the grade of aggravated assault upon which it was returning a verdict of guilty." *Farinella*, 887 A.2d 273, 274 (Pa. Super. 2005). "Although the court did not specify the grading of the offense at the time of announcing its verdict, [] the verdict slip contained in the record [] contain[ed] the handwritten notation 'adjudged guilty' underneath the typewritten description of the offense 'aggravated assault 2702 F1'" as well as a handwritten date of disposition. *Id.* at n.1. Thereafter, the following events transpired:

> When [Farinella] did appear for sentencing, [his] counsel noted that although the court had found [Farinella] guilty of aggravated assault, the court had not placed on the record the grading of aggravated assault upon which it had entered a verdict. [Defense] counsel then asked the court to grade the offense as a [second-degree felony (F-2)]. The Commonwealth objected to this suggestion noting that it had moved only on [first-degree felony] aggravated assault. Despite the Commonwealth's objection, the court announced that it was grading the conviction as an F-2 aggravated assault. This announcement sparked additional objection from the assistant district attorney (ADA) and a back-and-forth debate between the ADA and the court ensued in which the ADA argued the facts of the case with the court and tried to pin the court down on its specific findings of fact to support the court's newly announced verdict.
>
> After this exchange between the ADA and the court had continued for awhile, the court announced that it was finding [Farinella] guilty of simple assault and not guilty of aggravated assault. When the court made this announcement, the ADA then objected on the basis that the court had already rendered a verdict of guilty on aggravated assault at the close of the non-jury trial.

*Id.* (footnote omitted).

- 11 -

On appeal, this Court vacated Farinella's judgment of sentence and remanded for the reinstatement of the guilty verdict for aggravated assault and remanded the case for resentencing. Therein, we determined:

> Pursuant to Pa.R.Crim.P. 621, when a case proceeds non-jury the court must render a verdict which shall have the same force and effect as a verdict of a jury. Thus, once announced in open court, **and certainly once entered upon the docket**, the court's verdict was the same as if rendered by a jury. The fact that it was the court that reached the verdict did not make the verdict less firm than a jury verdict, nor did it make it malleable and capable of later revision by the court. Consequently, unless the verdict was flawed in some fashion that relegated it subject to attack, the court had no more power to change the verdict than it would have had in a jury trial.

*Commonwealth v. Farinella*, 887 A.2d 273, 275 (Pa. Super. 2005) (citations and quotations omitted) (emphasis added). We rejected the trial court's reasoning that its "original verdict was tainted by an improper emphasis on the seriousness of the injury to the complainant coupled with sympathy for the complainant." *Id.* at n.3. This Court determined that such an evaluation amount to rethinking the verdict and then substituting a new verdict prior to sentencing. *Id.* Ultimately, the *Farinella* Court concluded "once announced in open court, there was no basis for 'looking behind' the verdict to the factfinder's reasoning or specific findings of fact, nor was there a basis for correcting what was, upon its face, a perfectly valid verdict." *Id.* at 276.

Here, the trial court explained:

At the conclusion of [Appellant's] trial [the trial] court found [Appellant] guilty of several charges, including indecent assault. When [the] court gave its ruling, it stated the named crimes for which it found [Appellant] guilty, it did not state on which counts [Appellant] was found guilty. [The parties requested clarification, however, a]t no time during the proceedings on April 8, [2014] did [the] court announce on which count or under which subsection it [found Appellant guilty].

At [Appellant's] sentencing, on August 26, 2014, both the [C]ommonwealth and defense counsel sought to clarify under which subsection [Appellant] was to be sentenced. [The trial court] was very clear, on the record, that [Appellant] was being convicted and sentenced for indecent assault as an "M1" (misdemeanor of the first degree) based on the crime being committed with the use of a knife.

The sentencing order, entered on August 26, 2014 indicates that [the] court found [Appellant] guilty of count 13, indecent assault as a misdemeanor [of] the second degree – the only count of the three indecent assault charges not graded as a misdemeanor of the first degree. This is clearly a clerical error and does not override the expressly communicated, unambiguous, judgment of [the] court, made on the record during the sentencing hearing, that [Appellant] was found guilty of indecent assault with the use of a knife – a misdemeanor of the first degree.

At [Appellant's] sentencing hearing, while discussing the grading of the indecent assault charge, [the trial court] stated "**well, because of the testimony about the knife used to cut the clothing, I now rule it's an M1**." [The trial court] went on to clearly state that the sentence for the indecent assault was going to be 40 months['] probation. This shows a clear and unambiguous intention by [the] court to convict [Appellant] of the charge of indecent assault as a first degree misdemeanor and sentence him to a term of probation conforming with that conviction. The sentencing order indicating conviction for indecent assault as a misdemeanor of the second degree must yield to [the] court's expressed and unambiguous ruling at [Appellant's] sentencing.

- 13 -

Trial Court Opinion, 10/21/2014, at 6-8 (record citations omitted) (emphasis added).

Appellant argues that there was no ambiguity in the verdict. Upon review of the record, we agree. At the conclusion of the bench trial, the trial court stated it found Appellant "guilty of these charges: simple assault, unlawful restraint, possessing an instrument of crime, indecent assault, [and] terroristic threats." N.T., 4/8/2014, at 39. Counsel for both Appellant and the Commonwealth asked for clarification,[5] because there were three counts of indecent assault lodged against Appellant. *Id.* at 40-41. The trial court only named the crimes of conviction, did not specify which counts the convictions rested upon, and did not list the crimes of conviction by statutory section. *Id.* at 41. The trial court did not clarify the verdict in open court. The trial court then ordered a pre-sentence investigation report.

---

[5] The Commonwealth contends that Appellant waived this issue by failing to object to the grading. Commonwealth's Brief at 20. However, upon review of the record, Appellant specifically questioned the court about grading and the trial court did not respond. Thus, we conclude that the issue was properly before the court and it had an opportunity to clarify the issue. The Commonwealth avers Appellant improperly recasts his claim as an illegal sentence to avoid waiver. *Id.* at 20-21. We reject the Commonwealth's reliance on ***Commonwealth v. Spruill***, 80 A.3d 453 (Pa. 2013) as that case is distinguishable. Spruill argued at trial that she had not been charged with aggravated assault as a second-degree felony. On appeal to this Court, however, Spruill argued that the Commonwealth abandoned the second-degree felony charge and the trial court entered an illegal sentence. Here, by contrast, Appellant claims that the trial court made a new factual determination after the verdict was entered and essentially elevated the offense grade at sentencing. Appellant has steadfastly maintained that the trial court's grading was unclear and, thus, has preserved the issue.

*Id.* at 41-42. Thereafter, according to the docket, on the same day that the verdict was announced in open court, the trial court prepared a trial disposition and dismissal form, wherein it listed all of the counts lodged against Appellant and individually specified whether Appellant was guilty, not guilty, or the Commonwealth had withdrawn the charge. With regard to count 13, indecent assault without consent, 18 Pa.C.S.A. § 3126(a)(1), the trial court listed Appellant as "Guilty." Trial Disposition and Dismissal Form, 4/8/2014, at 3. The form identified the crime as a second-degree misdemeanor. *Id.* Correspondingly, the dismissal form listed counts 14 and 15 (indecent assault - forcible compulsion, and indecent assault - threat of forcible compulsion, 18 Pa.C.S.A. §§ 3126(a)(2) and 3126(a)(3), respectively) as "Not Guilty." *Id.*

It was not until right before sentencing that the trial court specifically stated that it convicted Appellant of a first-degree misdemeanor indecent assault. N.T., 8/26/2014, at 19. The trial court noted there was indecent assault with a threat of compulsion because Appellant used a knife to cut off the victim's underwear. *Id.* Accordingly, the trial court concluded the crime was properly graded a first-degree misdemeanor. *Id.* In particular, the trial judge stated "the fear of the gun is not as persuasive as fear of the knife, which was actually used. Not to cut [the victim] in any way, but cutting her clothing, so I guess I'm compelled to say it's an M1." *Id.* These statements lead us to conclude that the trial court impermissibly reconsidered its verdict at, or shortly before, Appellant's sentencing hearing.

Similar to **Farinella**, in this case, while rendering the verdict in open court, the trial court did not specify which count in the indictment, which statutory subsection, or which variant of indecent assault Appellant committed. Thereafter, the trial court issued a written verdict that declared Appellant guilty of indecent assault without consent, 18 Pa.C.S.A. § 3126(a)(1). That verdict was entered on the docket. It was not until sentencing that the trial court revisited its decision. While there was initial confusion at the end of trial, the trial court **never** clarified its oral decision. The first time Appellant received a definitive verdict was when the trial court clearly signed the trial disposition and dismissal forms that explicitly state Appellant's indecent assault fell under Section 3126(a)(1), a misdemeanor of the second-degree. This is not a situation where the trial court clearly communicated an oral guilty verdict in open court and then issued a non-conforming written verdict. Like in **Farinella**, just prior to sentencing, the trial court reevaluated the facts of the case to conclude that indecent assault with the use of a knife constituted a more serious offense.

Finally, we note that the Philadelphia Court of Common Pleas docket sheet and the sentencing order both specify that Appellant was convicted of count 13, indecent assault without consent, 18 Pa.C.S.A. § 3126(a)(1). **See** Philadelphia County Docket # CP-51-CR-0003563-2013, at 7; Sentencing Order, 8/26/2014, at 2. Once the verdict was entered on the docket, the court had no power to change a perfectly valid verdict by reevaluating the

facts.   ***Farinella***, 887 A.2d at 275-276.   Thus, Appellant's sentence for a first-degree misdemeanor crime was erroneous.

Judgment of sentence vacated.   Case remanded for reinstatement of a verdict of guilty as to indecent assault without consent pursuant to 18 Pa.C.S.A. § 3126(a)(1).   Resentencing to follow.   Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2015