J-A07007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD CHAMBERS | : | |
| | : | |
| Appellant | : | No. 424 EDA 2021 |

Appeal from the Judgment of Sentence Entered January 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009387-2019

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

DISSENTING MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 27, 2022**

I respectfully dissent from the Majority's decision to affirm Appellant's convictions for all three charges of Home Improvement Fraud. As discussed in more detail below, the trial court, in open court, stated that it was only convicting Appellant of one charge of Home Improvement Fraud (as well as one charge of Theft by Deception) and not guilty of "the remaining charges," that is, the other two charges of Home Improvement Fraud. N.T. Trial, 1/27/21, at 39. The trial court, however, in its written Sentencing Order sentenced Appellant on three convictions for Home Improvement Fraud. Since the trial court, in open court, only convicted Appellant of one charge of Home Improvement Fraud, the trial court's convictions and sentences for the other two Home Improvement Fraud charges are illegal and I would vacate them.

In particular, the Commonwealth charged Appellant with three counts of Home Improvement Fraud and one count of Theft by Deception:

**Count 2** – 18 Pa.C.S. § 3922(a)(1) – Theft by Deception

**Count 4** – 73 Pa.C.S. § 517.8(a)(1) – False Statement to Induce Agreement for Home Improvement Services

**Count 5** - 73 § 517.8(a)(2) – Receives Advance Payment for Service and Fails to Perform

**Count 6** - 73 § 517.8(a)(3) – Misrepresents or Conceals Contractor Identifying Information

*See* Majority Op. at 3-4; Information, 12/24/19, at 1. At the end of a bench trial, the trial court announced its verdict in open court. The trial court stated that it found Appellant guilty of Theft by Deception and the Home Improvement Fraud charge that involved false statements. The trial court then stated it was finding Appellant not guilty of the "remaining charges":

> After reviewing the evidence, the exhibits and the notes of testimony, and listening to the arguments of the parties, the Court finds Mr. Leonard Chambers guilty of theft by deception, **false statement to induce home improvement services. As to the remaining charges the Court finds the defendant not guilty**.

N.T. Trial at 39 (emphasis added).

In the Sentencing Order that the trial court filed that day, however, the trial court sentenced Appellant on three convictions of Home Improvement Fraud. By doing so, the court improperly amended its verdict at sentencing and imposed illegal sentences.

The Majority affirms the sentences for all three counts of Home Improvement Fraud because the Majority concludes that the trial court "intended" to convict Appellant of all three Counts, based on the trial court's Findings of Facts that support convictions on all three Home Improvement Fraud charges. Consequently, the trial court, in the Sentencing Order, had the

- 2 -

authority to sentence Appellant to three Counts of Home Improvement Fraud. **See** Majority Op. at 7-9.

I part ways with the Majority at this point because the trial court made those Findings of Fact and issued the Sentencing Order **after** the trial court stated in open court that it was convicting Appellant of one count of Home Improvement Fraud and "[a]s to the remaining charges the Court finds the defendant not guilty." N.T. Trial at 39. The trial court, before sentencing, never announced that it was changing its verdict.

The Majority reasons that we must apply a "rebuttable presumption that the written [sentencing] order controls" over the orally announced verdict. **Id.** at 7-8 (citing **Commonwealth v. Kremer**, 206 A.3d 543, 548 (Pa. Super. 2019)). Such a presumption, however, only applies where a conflict exists between a **sentence** as announced in open court and a written **sentencing** order. **See Kremer**, 206 A.3d at 548 (reversing an order issued in October 2017 purporting to "correct" the appellant's original January 1995 judgment of sentence "to clarify the court's intent to run [the a]ppellant's sentences consecutively").

This presumption does not apply to a conflict between the verdict the trial court states in open court and the sentencing order.[1] **See**

---

[1] We note that while a court generally enjoys the right to modify or rescind any order within 30 days, 42 Pa.C.S. § 5505, "the statute [does] not permit the trial court to *sua sponte* change a previously recorded verdict[.]" **Commonwealth v. Robinson**, 33 A.3d 89, 92 (Pa. Super. 2011).

***Commonwealth v. Stark***, 584 A.2d 289, 290-91 (Pa. 1990) (reversing and reinstating original guilty verdict announced in open court following bench trial, after court *sua sponte* changed verdict to not guilty at sentencing); ***Commonwealth v. Wilson***, 227 A.3d 928, 940 (Pa. Super. 2020) (same); ***Commonwealth v. Farinella***, 887 A.2d 273, 275 (Pa. Super. 2005) (same).

In ***Farinella,*** the trial court, after a bench trial, convicted the defendant of several charges, including aggravated assault and simple assault. 887 A.2d at 274. The court, however, then made Findings of Fact on the record that only supported a conviction for Simple Assault, but not Aggravated Assault. At sentencing, the court *sua sponte* changed its verdict, announcing "that it was finding [the defendant] guilty of simple assault and not guilty of aggravated assault" as "a correction to reflect [its] findings of fact." ***Id.*** at 274-75.

On appeal, we reversed, rejecting the trial court's explanation that it was altering its verdict to reflect its Findings of Fact. We reasoned that because "the pronouncement in open court was not ambiguous and, upon its face, [was] proper[,]" the verdict was not amenable to correction by the trial court. ***Id.*** at 275-76. We further reasoned:

> [O]nce announced in open court, and certainly once entered upon the docket, the court's verdict was the same as if rendered by a jury. The fact that it was the court that reached the verdict did not make the verdict less firm than a jury verdict, nor did it make it malleable and capable of later revision by the court. Consequently, unless the verdict was flawed in some fashion that relegated it subject to attack, the court had no more power to change the verdict than it would have had in a jury trial.

*Id.* (citations omitted). As a result, we remanded for reinstatement of the defendant's conviction for Aggravated Assault.

In the instant case, the trial court unambiguously declared in open court that it was convicting Appellant of one Count of Home Improvement Fraud and not guilty of the remaining charges. The trial court, however, in its Sentencing Order sentenced Appellant for three convictions of Home Improvement Fraud.  Even if the trial court's findings of facts support a conviction of all three Home Improvement charges, the trial court never announced in open court that he was convicting Appellant of all three charges. As in *Farinella*, the trial court cannot wait until the Sentencing Order to change his verdict and convict Appellant of two additional charges that it had earlier announced as not guilty verdicts.[2]

Thus, I would vacate Appellant's sentence and convictions for Counts 5 and 6 of Home Improvement Fraud.

_____

[2] This case also raises significant Double Jeopardy concerns, as the right to be free from double jeopardy attaches to a verdict of not guilty. *Commonwealth v. Baldwin*, 158 A.3d 1287, 1292 (Pa. Super. 2017). *See also Commonwealth v. Petteway*, 847 A.2d 713, 719 (disapproving of trial court's command to jury to reconsider its not guilty verdict as violating double jeopardy).