**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Louis L.L. ROBINSON, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 23, 2011.
Filed Nov. 14, 2011.

Andrea N. Johnson, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Althia O. Bennett, Philadelphia, for appellee.

BEFORE: BOWES, ALLEN, and PLATT*, JJ.

OPINION BY BOWES, J.:

The Commonwealth appeals from the May 26, 2010 order upholding the *sua sponte* post-verdict judgment of acquittal. After careful review, we reverse and remand for reinstatement of the original verdict and sentence.

The facts are as follows. On August 31, 2008, Louis L.L. Robinson, Appellee, a home health care representative, went to the home of Susan Chernin to perform an assessment for services. The previous day, Ms. Chernin had been discharged from a rehabilitation facility following shoulder replacement surgery. After completing the assessment, Ms. Chernin asked him if he could exchange the portable commode in her master bathroom for the one in her other bathroom. Appellee asked for permission to go through the bedroom, which she granted. While Appellee carried out her request, Ms. Chernin remained on the living room couch where she could not see the bedroom or master bathroom. After Appellee finished, he asked Ms. Chernin to sign some paperwork and left.

Approximately fifteen minutes later, Ms. Chernin received a visit from another agency employee. The two women sat in the living room talking for approximately twenty minutes. Ms. Chernin asked the woman for assistance in walking to her bedroom. Upon entering the bedroom, Ms. Chernin noticed that her jewelry boxes were open and that her jewelry, valued at more than $8,000, was missing.

Appellee was charged with theft by unlawful taking and theft by receiving stolen property. He waived his right to jury trial and proceeded to a non-jury trial. The Commonwealth presented the testimony of Ms. Chernin. Appellee took the stand in his own defense and a stipulation was entered that Appellee had fifteen witnesses present who were willing to testify that they knew him to be a peaceful, law-abiding person. N.T. Trial, 12/23/09, at 63. At the close of all the evidence, the trial court found Appellee guilty of theft by unlawful taking and not guilty of theft by receiving stolen property. Appellee was sentenced to eighteen months probation but the issue of restitution was deferred to permit the Commonwealth to obtain accurate figures on the value of the stolen items.

On December 29, 2009, the parties appeared as scheduled for the restitution hearing. However, instead of determining restitution, the trial court *sua sponte* vacated Appellee's judgment of sentence and entered a verdict of not guilty. The court stated on the record that it was doing so because it had "failed to give due consideration to the weight of character evidence." N.T. Restitution Hearing, 12/29/09, at 5. The Commonwealth asked the court to reinstate the verdict, but the court declined.

The Commonwealth filed a motion for reconsideration on January 5, 2010, which was assigned to a new judge for disposition because the original trial judge was no longer on the bench. On January 7, 2010, the court entered an order granting a hearing on the Commonwealth's motion and vacating the trial court's December 29, 2009 ruling pending determination of the Commonwealth's motion. The motion was scheduled for a hearing on February 4, 2010, but was rescheduled several times thereafter. On April 6, 2010, when Appel-

* Retired Senior Judge assigned to the Superior Court.

lee's counsel did not appear, new counsel was appointed and the hearing was rescheduled yet again for May 26, 2010. Following argument by counsel on that date, the court concluded that "under Rule 704 the [trial] judge can *sua sponte* grant relief, and I cannot second-guess why she did that, but we are of equal jurisdiction, and I cannot overturn anything she has done." N.T. Motion, 5/26/09, at 19. The court held that only the Superior Court could provide the relief sought by the Commonwealth and advised the Commonwealth that it had thirty days to file an appeal to this Court.[1] *Id.* at 20.

The Commonwealth appealed to this Court on June 21, 2010 and concurrently filed its Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued its Rule 1925(a) opinion on October 13, 2010. The Commonwealth raises one issue for our review:

> Where the trial evidence was legally sufficient to sustain defendant's conviction of theft by unlawful taking, did the lower court err when, after issuing a verdict of guilty, it *sua sponte* reassessed the evidence in the light most favorable to defendant and entered a judgment of acquittal on that offense?

Commonwealth's brief at 4.

The Commonwealth first contends that the trial court had no authority to act *sua sponte* to arrest judgment and change the verdict after it was recorded. In response to the Commonwealth's argument, Appellee insists that the trial court had the inherent power to grant post-trial relief in the interest of justice. *See* 42 Pa.C.S. § 5505 (trial court permitted to modify or rescind any order within thirty days of its entry if no appeal has been taken). Appellee points to *Commonwealth v. Holmes,*

593 Pa. 601, 933 A.2d 57 (2007), where the Supreme Court relied upon 42 Pa.C.S. § 5505 in affirming the trial court's correction of a patent error in a sentencing order which was apparent from a review of the docket. *See also Commonwealth v. Klein,* 566 Pa. 396, 781 A.2d 1133 (2001) (affirming order correcting sentence that was a patent defect or mistake in the record). Appellee argues that the failure to consider character testimony can be construed as an "obvious and patent mistake." Appellee's brief at 12. He insists that given the fact that the trial court herein vacated the verdict within the ten-day statutory period for the filing of post-trial motions, and well within the thirty-day statutory period to correct defects in an order under 42 Pa. C.S. § 5505, the trial court acted properly.

■ In *Commonwealth v. Parker,* 305 Pa.Super. 516, 451 A.2d 767 (1982), we rejected the very argument advanced by Appellee herein. While 42 Pa.C.S. § 5505 authorizes reconsideration of an order within thirty days, its applicability is limited by the language "[e]xcept as otherwise provided or prescribed by law[.]" 42 Pa. C.S. § 5505. In *Parker,* we relied upon this limitation to hold that the statute did not permit the trial court to *sua sponte* change a previously recorded verdict from guilty to not guilty because the decisional law clearly prohibited it. Finding that the trial court exceeded its post-verdict authority, we vacated the order.

■ Nor do we agree with Appellee that the court's failure to properly consider character evidence is a patent error that would permit correction under 42 Pa. C.S. § 5505. Patent means a fact apparent from a review of the record without resort to third-party information. *Com-*

---

1. As the subsequent judge assigned to the case vacated the trial court's December 29, 2009 order pending the Commonwealth's motion for reconsideration, this appeal from the court's May 26, 2010 order reinstating the December 29, 2009 order was timely.

monwealth v. Holmes, supra. The weight accorded by the trial court to character evidence is hardly patent, but revealed only by the court's subsequent explanation of its thinking.

■ Additionally, we find no merit in the trial court's assertion that Pa. R.Crim.P. 704(B)(1) permitted the trial judge to sua sponte change its verdict and vacate the sentence. The Rule permits a trial judge "[u]nder extraordinary circumstances, when the interests of justice require," prior to sentencing, to "hear an oral motion in arrest of judgment, for judgment of acquittal, or for a new trial." While the trial court's order stated that it was granting an oral motion in arrest of judgment, the record belies that any oral motion was made.[2] The trial court acted sua sponte. Hence, Pa.R.Crim.P. 704 provides no authority for the trial court's order.

The facts in Commonwealth v. Stark, 526 Pa. 1, 584 A.2d 289 (1990) are virtually indistinguishable from those in the case sub judice. Therein, the defendant was found guilty of terroristic threats and simple assault at a bench trial. Immediately before pronouncing sentence, however, the trial court changed its verdict to not guilty, an action characterized by this Court as "a sua sponte grant of a motion in arrest of judgment." Stark, supra at 291. On appeal, we faced the issue of whether during sentencing a trial court could change a previously rendered verdict of guilty to one of acquittal. We reversed and reinstated the original verdict. Our Supreme Court affirmed, citing Commonwealth v. Jackson, 223 Pa.Super. 497, 302 A.2d 420,

422 (1973) for the proposition that, "it is a well-settled general principle that only causes appearing on the face of the record or insufficiency of the evidence will justify a granting of a motion in arrest of judgment." The Stark Court continued:

> Since the record reveals that the trial judge changed this verdict for reasons unrelated to the sufficiency of the evidence or causes appearing on the face of the record, it is clear that this decision by the trial court was not a grant of a motion in arrest of judgment. In changing appellant's verdict, the trial judge went beyond the authority which a trial judge may properly exercise over a verdict.

Stark, supra at 291. The Court agreed with this Court that the evidence was sufficient to sustain the verdict and affirmed, holding that the verdict of not guilty was a legal nullity.

In Commonwealth v. Farinella, 887 A.2d 273 (Pa.Super.2005), the defendant was found guilty of aggravated assault at a bench trial. At sentencing, however, the court sua sponte changed its verdict from guilty of aggravated assault to not guilty of aggravated assault but guilty of simple assault. The Commonwealth appealed, contending that the court erred in entering what was essentially a judgment of acquittal at the time of sentencing based upon its reassessment of the evidence. While the court insisted that it was merely correcting an error in the pronouncement of the verdict, we found the pronouncement in open court unambiguous and the verdict proper on its face. Significantly, we noted that the defendant never made a motion for arrest of judgment and that our review of

---

**2.** The court's order of December 29, 2009, recites that, "after consideration of the MOTION FOR ARREST OF JUDGMENT presented by the Attorney for the Defendant, it is ORDERED that the MOTION FOR ARREST OF JUDGMENT is GRANTED." Order, 12/29/09. The record, however, does not contain any motion for arrest of judgment, and from our review of the transcripts of the trial, sentencing and restitution hearing, we conclude that no oral motion was made by the defense.

the record revealed that such a motion could not have been granted as "the testimony presented was clearly sufficient to support the verdict." *Farinella, supra* at 276 n. 4.

Additionally, there is considerable authority in support of the Commonwealth's position that the trial court erred both in reweighing the character evidence post-verdict and in entering an order in arrest of judgment. In *Commonwealth v. Gaither*, 355 Pa.Super. 502, 513 A.2d 1034 (1986), the trial court downgraded a conviction of first-degree felony robbery to third-degree felony robbery while post-trial motions were pending. We relied upon *Parker, supra,* for the proposition that when considering a motion for an arrest of judgment, the trial judge cannot alter the verdict based upon a redetermination of credibility or a re-evaluation of the evidence. We reversed and reinstated the original conviction.

We find additional support for the Commonwealth's position in *Commonwealth v. Melechio,* 442 Pa.Super. 231, 658 A.2d 1385 (1995). Therein, the trial court granted the defendant's motion in arrest of judgment following his conviction of third degree murder, stating that it had not credited the testimony of an inculpatory witness and that without that testimony, the evidence was insufficient to support the murder verdict. On appeal, this Court reversed, holding that at the post-verdict stage of the proceedings, the trial court "is limited to rectifying trial errors, and cannot make a redetermination of credibility and weight of the evidence." *Id.* at 1388–89; citing *Commonwealth v. Mazon Johnson,* 428 Pa.Super. 494, 631 A.2d 639, 642 (1993) (*en banc* ).

■ Thus, a post-verdict court may not reweigh the evidence and change its mind as the trial court did herein. Although a post-verdict judge may question

a verdict, his discretionary powers are limited to a determination of whether the evidence was sufficient to uphold the original verdict, and he may not alter the original verdict and substitute a new one. *Commonwealth v. Rawles,* 501 Pa. 514, 462 A.2d 619 (1983). The trial court's verdict must be accorded the same legal effect as a jury verdict. *Commonwealth v. Meadows,* 471 Pa. 201, 369 A.2d 1266, 1268 n. 5 (1977). Post-trial, the court cannot re-deliberate as it is no longer the fact finder. Just as jurors are not permitted to testify as to the mental processes that led to their verdict, so is the trial court precluded from testifying as to its flawed thought process as a fact finder.

■ As we have determined that there were no errors on the face of the record that would permit the court to change its verdict, the only remaining question is whether the evidence was sufficient. For purposes of appellate review,

> In passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the entire trial record. All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove. [citations omitted.]

*Commonwealth v. Melechio, supra* at 1387. Hence, we must determine whether evidence admitted at trial, as well as all reasonable inferences drawn therefrom, is sufficient to support all elements of the offense. *Commonwealth v. Moreno,* 14 A.3d 133 (Pa.Super.2011).

■ One is guilty of theft by unlawful taking if he "unlawfully takes, or exercises unlawful control over, moveable property of another with intent to deprive him

thereof." 18 Pa.C.S. § 3921(a). Ms. Chernin's testimony established that Appellee was the only person with access to her bedroom and the jewelry kept therein. The boxes were undisturbed when she awoke in the morning. The boxes were empty and strewn on the bed and dresser immediately after Appellee was in the room. We find the evidence legally sufficient to sustain the conviction for theft by unlawful taking.

For the forgoing reasons, we reverse the order, remand for the reinstatement of the original guilty verdict and sentence, and order further proceedings for purposes of determining restitution.[3]

Order reversed. Case remanded. Jurisdiction relinquished.

**In re N.A.M.,**

**3.** We find the issue of whether the doctrine of coordinate jurisdiction precluded the successive judge from overruling the clearly erroneous order of the trial judge to be moot in light of our holding.