J-A16008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| VINCENT THORNTON, | |
| Appellee | No. 371 EDA 2014 |

Appeal from the Order December 19, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0015216-2012

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED JUNE 24, 2015**

The Commonwealth appeals from the trial court order that granted Appellee, Vincent Thornton's, motion for arrest of judgment; vacated his bench conviction of insurance fraud;[1] and entered a verdict of not guilty. We vacate the order and remand for proceedings consistent with this decision.

We take the following facts from the trial court's opinion and our independent review of the record.  Appellee purchased a counterfeit American Independent Insurance Company (AIIC) auto insurance card from a body shop in South Philadelphia that indicated he had insurance until

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4117(a)(1).

March 27, 2012. Appellee presented the counterfeit card to Ivanette Marrow at 11th Street Auto Sales, who relied on it to register and transfer title on his vehicle.

In early 2012, police impounded Appellee's car, and on March 23, 2012, Appellee attempted to retrieve it from the police impound lot. He presented the counterfeit AIIC insurance card and other documentation to the assigned officer, Sergeant John Dietz. Consistent with usual practice, Sergeant Dietz contacted the insurance company to verify the policy. AIIC informed Sergeant Dietz that the policy was invalid, he noted in the police paperwork that Appellee had provided false documentation, and he told him to return with a valid insurance card.

Three days later, on March 26, Appellee purchased a valid insurance policy with AIIC and coverage commenced immediately. Using the newly issued card, Appellee retrieved his car from the impound lot. His insurance coverage lapsed thirty days later when Appellee failed to make any payments.

Detective Robert Stansfield of the Insurance Fraud Unit of the Philadelphia Police Department reviewed the police file, insurance company records, and Pennsylvania Department of Transportation documents. Based on his review, he obtained a warrant for Appellee's arrest. On December 31, 2012, the Commonwealth filed an information against Appellee for insurance fraud and forgery.

On September 9, 2013, Appellee's one-day bench trial commenced. The Commonwealth presented the testimony of Sergeant Dietz, Detective Stansfield, Ms. Marrow, Ms. Marrow's supervisor, Germaine Lewis, and insurance underwriter Dorraina McQueen. Appellee testified on his own behalf and stated he was unaware that he had purchased a counterfeit insurance card. The trial court convicted Appellee of insurance fraud, found him not guilty of forgery, and scheduled sentencing for November 6, 2013. On November 6, 2013, Appellee filed a memorandum in support of his oral motion for extraordinary relief in the form of arrest of judgment, arguing that the verdict should be overturned because it was against the weight of the evidence, and that the evidence was insufficient. Sentencing was continued at Appellee's request until December 19, 2013. On December 19, 2013, the court held a hearing on Appellee's motion before imposing sentence. At the hearing, Appellee's counsel presented new evidence regarding Appellee's "mental capacity." (N.T. Hearing, 12/19/13, at 16; *see id.* at 10-11). Based on this new evidence, the court found:

> All right. I do take the opportunity to review my notes that I took during the trial. And I have been presented with the evidence by the defense attorney today with regard to [Appellee's] mental capacity . . . . And I think that maybe he didn't have the criminal intent or the capacity to have committed the crime that I found him guilty of . . . . And . . . he also had character evidence at trial.
>
> So based on all that, I am going to grant [Appellee's] motion for extraordinary relief . . . and the guilty verdict is going to be vacated.

(***Id.*** at 16).[2]

The Commonwealth timely appealed on Tuesday, January 21, 2014,[3] and filed a Rule 1925(b) statement on March 3, 2014, before ordered to do so by the trial court. ***See*** Pa.R.A.P. 1925(b). On May 8, 2014, the trial court issued an order directing the Commonwealth to file a Rule 1925(b) statement. The Commonwealth again filed the statement on May 15, 2014, pursuant to the court's order. The court filed a Rule 1925(a) opinion on January 20, 2015. ***See*** Pa.R.A.P. 1925(a).

The Commonwealth raises one issue for this Court's review:

> Did the [trial] court err in arresting judgment on [Appellee's] conviction for insurance fraud under 18 Pa.C.S. § 4117(a)(1) where the evidence was sufficient to establish that he knowingly presented a counterfeit insurance card at a police impound lot in an attempt to retrieve his car, and presented the same counterfeit card to obtain registration for his car?

(Commonwealth's Brief, at 1).

The Commonwealth contends that "[a]fter reweighing the evidence, the trial court granted [Appellee's] motion to arrest judgment. Because the

---

[2] On December 20, 2013, Appellee filed a motion for reconsideration of the motion for extraordinary relief in which he acknowledged that the trial court "may [have been] without power to reweigh evidence and issue a verdict of not guilty[.]" (***See*** Motion for Reconsideration, 12/20/13, at unnumbered page 1 ¶ 5). Appellee requested that the court vacate the December 19, 2013 order and grant him a new trial. (***See id.*** at unnumbered page 2). The motion was denied by operation of law.

[3] The deadline for filing the appeal was on a Saturday and the following Monday was a federal holiday. ***See*** 1 Pa.C.S.A. § 1908.

evidence was sufficient to sustain his convictions, the arrest of judgment was contrary to the law and therefore must be vacated." (*Id.* at 7). We are constrained to agree.

It is well-settled that:

For purposes of appellate review,

> In passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the entire trial record. All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove.

***Commonwealth v. Robinson***, 33 A.3d 89, 94 (Pa. Super. 2011), *appeal denied*, 42 A.3d 292 (Pa. 2012) (citation omitted). Further, "when considering a motion for an arrest of judgment, the trial judge cannot alter the verdict based upon a redetermination of credibility or a re-evaluation of the evidence." ***Id.*** (citation omitted). Indeed, "at the post-verdict stage of the proceedings, the trial court is limited to rectifying trial errors, and cannot make a redetermination of credibility and weight of the evidence." ***Id.*** (citation and internal quotation marks omitted).

> Thus, a post-verdict court may not reweigh the evidence and change its mind . . . . Although a post-verdict judge may question a verdict, his discretionary powers are limited to a determination of whether the evidence was sufficient to uphold the original verdict, and he may not alter the original verdict and substitute a new one. The trial court's verdict must be accorded the same legal effect as a jury verdict. Post-trial, the court cannot re-deliberate as it is no longer the fact finder.

*Id.* (citations omitted).

Here, at the hearing on Appellee's motion, the trial court found that "after careful review of the record, post-trial, the evidence of [the insurance fraud] charge was insufficient and inconclusive that [A]ppellee had acted knowingly and with the intent to defraud." (Trial Court Opinion, 1/20/15, at unnumbered pages 4-5; *see also* N.T. Hearing, 12/19/13, at 16). We disagree.

Although a conviction of insurance fraud[4] requires an intent to defraud, we are reminded that "[r]are is the occasion when a party lays bare his or her subjective intent[.]" *Commonwealth v. Parker*, 104 A.3d 17, 24 (Pa. Super. 2014) (citation omitted).

> An intent is a subjective frame of mind, it is of necessity difficult of direct proof[.] We must look to all the evidence to establish intent, including, but not limited to, [Appellee's]

_____

[4] Section 4117, insurance fraud, provides, in pertinent part, that:

**(a) Offense defined.**—A person commits an offense if the person does any of the following:

(1) Knowingly and with the intent to defraud a State or local government agency files, presents or causes to be filed with or presented to the government agency a document that contains false, incomplete or misleading information concerning any fact or thing material to the agency's determination in approving or disapproving a motor vehicle insurance rate filing, a motor vehicle insurance transaction or other motor vehicle insurance action which is required or filed in response to an agency's request.

18 Pa.C.S.A. § 4117(a)(1).

conduct as it appeared to his eyes [.] Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.

***Commonwealth v. Lewis***, 911 A.2d 558, 564 (Pa. Super. 2006) (citation omitted).

In this case, Appellee obtained a counterfeit insurance card in South Philadelphia and presented it to an auto tags agency in order to register and transfer title on his car. (***See*** N.T. Trial, 9/09/13, at 23-28, 55-58, 61). After police impounded his vehicle months later, Appellee attempted to retrieve it by presenting Sergeant Dietz with the counterfeit card. (***See id.*** at 12-13). When Sergeant Dietz contacted the insurance company, he was told that Appellee's insurance card was not valid. (***See id.*** at 12-13, 56). Sergeant Dietz noted in the paperwork that Appellee provided false documentation, and told him to return with evidence of valid insurance. (***See id.*** at 14-15). Three days later, Appellee purchased a valid policy and retrieved his car from the impound lot. (***See id.*** at 16-17, 56). However, Appellee did not pay his insurance premium, and the policy was cancelled thirty days later. (***See id.*** at 56, 58).

We conclude that, viewing the above evidence in the light most favorable to the Commonwealth, "it may be inferred from [Appellee's] acts or conduct or from the attendant circumstances" that he intended to commit insurance fraud. ***Lewis***, ***supra*** at 564; ***see also*** 18 Pa.C.S.A. § 4117(a)(1); ***Parker***, ***supra*** at 24. Further, the trial court abused its

discretion when it "alter[ed] the verdict based upon a redetermination of credibility or a re-evaluation of the evidence" and granted Appellee's motion for arrest of judgment.[5]  **Robinson**, **supra** at 94.  Accordingly, we are constrained to vacate the trial court's order granting Appellee's motion and entering a verdict of not guilty.  We remand for the re-entry of Appellant's guilty verdict and for sentencing.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/24/2015

---

[5] We also conclude that the court erred in considering evidence outside the trial record in making its decision.  (**See** N.T. Hearing, 12/19/13, at 16) (considering new evidence of Appellee's mental capacity and ability to perform mathematical calculations "or whatever").  It is well-settled that, when deciding a motion for arrest of judgment, "the evidence must be evaluated upon the entire **trial** record."  **Robinson**, **supra** at 94 (citation omitted; emphasis added); **see also Commonwealth v. Meadows**, 369 A.2d 1266, 1268 (Pa. 1977) (same); **Commonwealth v. Melechio**, 658 A.2d 1385, 1387 (Pa. Super. 1995) (same).