J-A31037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADRIAN SOLER, JR., | |
| Appellant | No. 493 MDA 2015 |

Appeal from the Judgment of Sentence January 8, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0002766-2013

BEFORE: PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 05, 2016**

Appellant, Adrian Soler, Jr., appeals from the judgment of sentence imposed pursuant to his jury conviction of kidnapping—intent to inflict bodily injury or terrorize, false imprisonment, robbery of a motor vehicle, and simple assault.[1]  We affirm.

The above charges arose from a July 30, 2012 incident involving Appellant and his ex-girlfriend, Monica Mozee.  On August 12, 2013, the Commonwealth filed an information against Appellant.  A one-day jury trial commenced on December 10, 2014.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2901(a)(3), 2903, 3702(a), and 2701(a)(1), respectively.

At trial, Ms. Mozee testified that she and Appellant had been in a romantic relationship, but had broken up by the time of the July 30, 2012 incident. That night, Ms. Mozee woke up at about 1:00 A.M. when Appellant broke into her home through an unlocked window, entered her bedroom, and said he wanted to talk. Ms. Mozee told Appellant that she did not want to talk to him, and repeatedly asked him to leave. When he finally left her bedroom and Ms. Mozee heard her back door open and close, she went downstairs to confirm that Appellant actually had left. Ms. Mozee found him hiding in the bathroom.

Thereafter, Ms. Mozee told Appellant to leave again, but he shut the bathroom door with the two of them inside, and blocked her from exiting. Approximately one hour later, after Ms. Mozee convinced Appellant to let her out of the room, she again told him to leave. Seeing Appellant would not go, Ms. Mozee started screaming and he then grabbed her, dragged her back into the bathroom, smacked her across the face, and threatened to stomp on it if she did not quiet down.

Ms. Mozee finally relented and told Appellant he could spend the night downstairs while she slept upstairs. She stated that she did not call the police at that time because she was distraught and exhausted, and thought she could get Appellant out on her own.

When Ms. Mozee got up in the morning, Appellant still was in her home, and she told him to leave, which he did. When she went out to her

car to leave for work, she found him crouched behind the driver's seat. When Ms. Mozee again demanded that he leave, Appellant got out of the car, but then prevented her from closing the driver's side door, and pushed his way into the driver's seat, lifting her into the passenger's seat. He then started driving, and, when Ms. Mozee saw that he was going toward the highway, she attempted to jump out of the car, but Appellant punched her in the face and threatened to kill them both by flipping the vehicle.

Ultimately, Ms. Mozee was able to escape from Appellant when she convinced him to go to an Exxon gas station. Ms. Mozee then called her mother, who immediately called the police. The car was recovered at another gas station, which was owned by Appellant's cousin.

Ms. Mozee acknowledged there were some inconsistencies between her testimony at trial and her testimony at the preliminary hearing that had occurred the prior year. She also acknowledged that her statements to the police did not contain all of the same details as those she gave at trial.

Appellant testified on his own behalf and offered a version of events that completely contradicted that offered by Ms. Mozee. At the conclusion of trial, the jury convicted Appellant of the above-mentioned crimes. On January 8, 2015, the trial court sentenced him to an aggregate term of not less than four nor more than eight years' incarceration. On January 16,

2015, Appellant filed a post-sentence motion for a new trial[2] based on the weight of the evidence, and for modification of his sentence. On February 12, 2015, the court granted the motion to modify and amended the sentence to an aggregate term of not less than three nor more than six years' incarceration. The court denied the post-sentence motion in all other respects. Appellant timely appealed.[3]

Appellant presents one issue for our review: "Whether the trial court erred in denying Appellant's post-sentence motion where Appellant's convictions were against the weight of the evidence as the victim's testimony was contradictory, conflicting, and inconsistent?" (Appellant's Brief, at 4) (unnecessary capitalization and underline omitted).

We review Appellant's claim under the following standard of review:

> A verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the fact[-]finder. Rather, a new trial is warranted only when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given

_____

[2] Appellant also sought an arrest of judgment, which challenges the sufficiency of the evidence. *See Commonwealth v. Robinson*, 33 A.3d 89, 94 (Pa. Super. 2011), *appeal denied*, 42 A.3d 292 (Pa. 2012). However, he does not raise a sufficiency challenge here.

[3] Appellant filed a timely statement of errors complained of on appeal pursuant to the court's order. *See* Pa.R.A.P. 1925(b). The court filed an opinion on April 16, 2015. *See* Pa.R.A.P. 1925(a).

another opportunity to prevail. Where, as here, the judge who presided at trial ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

One of the least assailable reasons for granting or denying a new trial is the lower court's determination that the verdict was or was not against the weight of the evidence and that new process was or was not dictated by the interests of justice. Thus, only where the facts and inferences disclose a **palpable abuse of discretion** will the denial of a motion for a new trial based on the weight of the evidence be upset on appeal.

*Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014), *cert. denied*, 135 S.Ct. 1548 (2015) (citations omitted; emphasis in original).

In this case, Appellant does not argue that the trial court palpably abused its discretion in denying his motion for a new trial. (*See* Appellant's Brief, at 13-16). He merely repeats his allegation that the verdict was against the weight of the evidence because Ms. Mozee's testimony was "incredible." (Appellant's Post-Sentence Motion, 1/16/15, at unnumbered page 4; *see* Appellant's Brief, at 14-16 (arguing that "his convictions were against the weight of the evidence so as to shock one's sense of justice where the victim's testimony was unreliable, contradictory, and inconsistent.")). Therefore, "Appellant has failed to make an argument that comports with the appropriate standard of review." *Morales*, *supra* at 92.

Moreover, our independent review of the record reveals that the trial court properly observed that the jury weighed the testimony of Appellant

- 5 -

against that of Ms. Mozee, and found her testimony more compelling than his. (*See* Trial Court Opinion, 4/16/15, at 11, 13). The record is replete with testimony from Ms. Mozee that her ex-boyfriend, (*see* N.T. Trial, 12/10/14, at 61, 63), Appellant, entered her home uninvited and unwelcome, (*see id.* at 62), refused to leave when asked, (*see id.* at 63-64, 68, 72-73, 81, 87), imprisoned her in her bathroom, (*see id.* at 72-75), assaulted her, (*see id.* at 72, 74-79, 94, 103), kidnapped her in her own vehicle, (*see id.* at 89-111), and abandoned her car with his cousin, (*see id.* at 113, 182). Therefore, we can discern no palpable abuse of discretion on the part of the trial court in denying Appellant's motion for a new trial. *See Morales*, *supra* at 92 (concluding that appellant's weight of the evidence claim failed where he did not argue that court palpably abused its discretion and court properly viewed issue as one of credibility that jury resolved in favor of victim). Appellant's issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016