J-A22001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GINO GRAFFIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTIONE DION THOMAS | : | No. 1497 WDA 2023 |

Appeal from the Judgment Entered January 10, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-21-002680

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                **FILED: December 30, 2024**

Gino Graffia (Appellant) appeals from the judgment entered following a non-jury verdict in Appellant's favor, and against Antione Dion Thomas (Defendant), in this negligence action.  Upon careful consideration, we affirm.

Appellant filed a complaint against Defendant on March 23, 2021, pleading negligence and other torts.[1]  Defendant failed to respond to the complaint.  On June 2, 2021, after appropriate 10-day notice pursuant to Pa.R.C.P. 237.1, Appellant obtained a default judgment against Defendant on the issue of liability.

---

[1] The underlying facts are immaterial to the issues presented in this appeal. In short, Appellant sought damages for injuries he sustained from a gunshot wound to his ankle, resulting from Defendant's discharge of a firearm inside the parties' shared workplace (a hair salon owned by Defendant).  Complaint, 3/23/21, ¶¶ 14-15.

The case was originally scheduled for a non-jury trial on damages for March 28, 2023. Prior to trial, the parties conducted a videotaped deposition of Appellant's medical expert, Carl Kihm, D.P.M. (Dr. Kihm or Doctor Kihm), on March 27, 2023. The trial court subsequently continued the trial.

On May 31, 2023, Defendant filed a pre-trial statement and identified his expert witness, Charles Burke, III, M.D. (Dr. Burke). The parties deposed Dr. Burke on June 5, 2023.[2]

Notably, on June 13, 2023, the parties again deposed Dr. Kihm (rebuttal deposition), to allow him to rebut Dr. Burke's expert opinion and testimony.[3] Defendant objected to the admissibility of Dr. Kihm's rebuttal deposition testimony, asserting it was improper because it did not relate to Dr. Burke's deposition testimony. *See* N.T. (rebuttal deposition), 6/13/23, at 85; *see also generally* Defendant's Memorandum Regarding Expert Rebuttal Testimony, 6/26/23.

Prior to trial, on June 12, 2023, the parties submitted to the trial court the deposition transcripts and summaries of the testimonies of Drs. Kihm and

---

[2] The content of the depositions, and respective expert reports of Drs. Burke and Kihm, is not relevant to this appeal. *See* Appellant's Brief at 16-23 (thoroughly detailing the experts' deposition testimony). Dr. Burke issued his expert report after conducting a physical examination of Appellant and his gunshot wound, and reviewing Appellant's medical records. Dr. Kihm, a podiatrist located in Kentucky, based his expert report upon his review of Appellant's medical records.

[3] At the time of Dr. Kihm's first deposition in March 2023, Dr. Kihm did not have the benefit of Dr. Burke's expert report/testimony to review or rebut.

Burke.  The non-jury trial commenced two days later; the Honorable Arnold I.

Klein presided.  Appellant was the only witness at trial.[4]

The parties entered into a joint stipulation pursuant to Pa.R.A.P.

1926(b)(2),[5] which explains what occurred at trial:

> …  Prior to the start of … trial, the parties met in chamber[s] to discuss [Dr. Kihm's] expert rebuttal testimony.  During this conference in chambers, [Appellant] explained his intention to offer [Dr. Kihm's] expert rebuttal testimony by video, and Defendant explained his objection to the admissibility of this expert rebuttal testimony.  During this conference in chambers, **the parties and the trial court agreed to proceed with trial and resolve the admissibility of** [**Dr. Kihm's**] **expert rebuttal testimony** <u>**after trial**</u>**.**
>
> At the conclusion of trial, the parties again conferred in chambers regarding settlement and [Dr. Kihm's] rebuttal testimony.  During this conference in chambers, the trial court requested that the parties explore settlement and explained that the trial court would delay making any decision regarding [Dr. Kihm's] rebuttal testimony while the parties explored

---

[4] At trial, the trial court directed the parties to submit the videotaped depositions of Drs. Kihm and Burke in lieu of playing live video testimony, and stated the court would review same prior to rendering its verdict.  ***See*** N.T., 6/14/23, at 97 (trial court directing counsel, "You are going to [submit] the video of the experts that I will get to [view] at my leisure."); ***see also id.*** at 105-06 (trial court stating, "give me at least a week to digest this and view the videos and then I will make a decision.").

[5] Rule 1926(b)(2) provides: "If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by … the parties by stipulation filed in the trial court…."  Pa.R.A.P. 1926(b)(2).

settlement.[6] During this conference in chambers, the trial court also indicated it would seek briefing on the admissibility of [Dr. Kihm's] rebuttal testimony if no settlement was reached. Following trial, both parties submitted Memoranda on the issue of the admissibility of [Dr. Kihm's] expert rebuttal testimony.[7]

Joint Stipulation, 6/19/24, at 1-2 (unpaginated) (footnotes and emphasis added; formatting modified).

The parties were unable to reach a settlement following trial. On July 3, 2023, the trial court entered a verdict in Appellant's favor for $68,000.00 (original verdict), **without ruling on Appellant's pending motion to admit Dr. Kihm's rebuttal deposition testimony.** *See* Trial Court Opinion, 2/21/24, at 1.

The parties' joint stipulation detailed what next transpired:

On July 10, 2023, [after entry of the original verdict,] the trial court advised counsel for the parties that a hearing had been scheduled before … [the trial court] on July 19, 2023[,] on "[Appellant's] pending Motion to Admit Rebuttal Testimony." … The parties attended the July 19, 2023[,] hearing, but the hearing was terminated before conclusion due to Defendant's counsel's

_____

[6] The trial court explained in its Pa.R.A.P. 1925(a) opinion:

Pending a resolution of …[the admissibility of Dr. Kihm's rebuttal deposition testimony], the court and the parties discussed the possibility of settlement. For roughly two weeks, at the court's urging, the parties engaged in settlement negotiations.

Trial Court Opinion, 2/21/24, at 1.

[7] On August 18, 2023, Appellant filed a Memorandum in Support of Admissibility of Expert Rebuttal Testimony. With respect to Defendant, the reproduced record contains a document dated June 26, 2023, titled Memorandum Regarding Expert Rebuttal Testimony. However, this document was not docketed in the trial court or included in the certified record.

health. On July 31, 2023, the trial court advised counsel for the parties that an "Argument on expert rebuttal testimony will take place on August 14, 2023."

Joint Stipulation, 6/19/24, at 2 (unpaginated) (footnote added; formatting modified).

At the August 14, 2023, hearing, the parties presented argument concerning the admissibility of Dr. Kihm's rebuttal deposition testimony. *See* N.T., 8/14/23, at 4-11. The trial court ruled, "I am going to allow this rebuttal, … the extra testimony from Doctor Kihm." *Id.* at 12; *see also id.* (trial court stating to Appellant's counsel, "That was an odd sort of timing. [Appellant's] expert having a videotape[d] depo[sition] before the trial, [when] there wasn't even a defense expert [present in the litigation] yet."). The court also announced its intention to vacate the original verdict. *Id.* ("I will vacate [the original] verdict order[.]"); *see also* Order, 8/14/23 (vacating the original verdict). The trial court concluded: "I do not want to render a new verdict yet. I am going to re-read everything in its entirety again and issue a … new verdict." N.T., 8/14/23, at 12. The trial court expressly stated, "I will take all of the evidence into consideration in reaching my verdict." *Id.* at 17.

On August 24, 2023, the trial court issued a new verdict (second verdict or new verdict). The trial court found in Appellant's favor for $68,000.00, which was identical to the original verdict entered two months prior.

Appellant filed a post-trial motion (PTM) on September 5, 2023. Appellant emphasized that the original "verdict was issued without the [trial]

court receiving [Dr. Kihm's] expert rebuttal testimony (in any form) from [Appellant's] counsel." PTM, 9/5/23, ¶ 12 (some capitalization modified); *see also id.* ¶ 49 (arguing the original verdict "is flawed because the [trial c]ourt effectively excluded all [of Dr. Kihm's] expert rebuttal testimony."). Appellant moved for a new trial, asserting

> anything less than a new trial (for instance, the [trial c]ourt redeliberating on the evidence, including [Dr. Kihm's] expert rebuttal testimony) would be unfairly prejudicial to [Appellant] and deprive him of the process and procedure to which he is entitled.

*Id.* ¶ 22; *see also* N.T., 8/14/23, at 16-17.

Appellant further claimed in the PTM, "by the time of the [August 14, 2023,] hearing, the [trial c]ourt lacked the authority to act *sua sponte* to consider new evidence, redeliberate upon prior evidence, and/or issue a new verdict." PTM, 9/5/23, ¶ 23; *see also id.* ¶ 41 ("[T]he law does not provide a factfinder an opportunity to redeliberate upon evidence after reaching a decision on a lesser portion of the full evidence of record."). Specifically, Appellant asserted:

> Once a verdict has been issued in a case, a trial court's authority is limited to that outlined in [Pennsylvania] Rule [of Civil Procedure] 227.1[,] regarding motions for post-trial relief.

Pa.[R.C.]P. 227.1.[8] Most significantly, the trial court may only act "upon the written Motion for Post-Trial Relief filed by any party." ***Id.***

….

[Section] 5505 of the Judiciary [Code] … does not provide the [trial c]ourt with a basis to take such action either. [***See*** 42 Pa.C.S.A. § 5505.[9]] [] To the extent [that Section 5505] applies, it only applies for 30 days after an "order" is entered, 42 Pa.[]C.S.A. § 5505, and the [trial] court's vacation of its [original] verdict and entry of its second verdict occurred more than 30 days after the entry of the [original] verdict.

_____

[8] Rule 227.1 provides in relevant part:

**(a)** After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may

**(1)** order a new trial as to all or any of the issues; or

**(2)** direct the entry of judgment in favor of any party; or

**(3)** remove a nonsuit; or

**(4)** affirm, modify or change the decision; or

**(5)** enter any other appropriate order.

Pa.R.C.P. 227.1(a).

[9] Section 5505 governs modification of final orders and provides:

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505.

PTM, 9/5/23, ¶¶ 29-30, 32-33 (paragraph numbering and breaks omitted; footnotes added; some capitalization modified).

Defendant filed a response to the PTM on September 29, 2023. Defendant argued Appellant was not entitled to a new trial, where

> [t]he [trial] court reviewed [Dr. Kihm's] expert rebuttal testimony but it apparently did not change the court's assessment of damages[, reflected in the original verdict,] and a second nonjury verdict was issued, again in the amount of $68,000. This is wholly consistent with the testimony of the expert witnesses, including [Dr. Kihm's] rebuttal testimony, as the [trial] court was free to disregard any of … the testimony of Dr. Kihm and find the testimony of Dr. Burke to be more credible. [Appellant] contends that he is prejudiced by the court considering new evidence after the original verdict. However, to the extent that the court, [acting as fact-finder] without a jury, was reviewing this matter, it makes no difference if the original verdict was vacated and the evidence considered prior to the issuance of a new verdict.

Response to PTM, 9/29/23, ¶¶ 6-7 (paragraph numbering and break omitted; some capitalization modified). Defendant further argued the trial court "is in the best position to consider the additional [rebuttal deposition] evidence and issue a new verdict. A new trial would only involve reintroduction of the evidence and would not promote judicial economy." *Id.* ¶ 10.

The trial court denied Appellant's PTM on November 17, 2023, without a hearing.[10] Appellant filed a praecipe to enter judgment on December 18, 2023. On the same date, Appellant timely filed a notice of appeal.[11]

The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement within 21 days. On January 24, 2024, Appellant timely filed a concise statement that is nine pages in length.[12]

_____

[10] The trial court did not issue a memorandum or opinion in connection with its denial of the PTM.

[11] Appellant purported to appeal from the November 17, 2023, order denying his PTM. An order denying post-trial motions is interlocutory and generally not appealable. *See Levitt v. Patrick*, 976 A.2d 581, 584 n.2 (Pa. Super. 2009) (an appeal in a civil action properly lies from the entry of judgment, not from an order denying post-trial motions). However, because judgment was entered for Appellant on January 10, 2024, we consider the appeal as taken from the entry of judgment. *See Johnston the Florist, Inc. v. TEDCO Const. Corp.*, 657 A.2d 511, 514-15 (Pa. Super. 1995) (*en banc*) ("[O]ur appellate courts may regard as done that which ought to have been done.") (citations and quotation marks omitted). We have amended the caption accordingly.

[12] We pause to note our displeasure regarding Appellant's Pa.R.A.P. 1925(b) statement, which is anything but concise. Rule "1925(b) is not satisfied by simply filing any statement. Rather, the statement must be 'concise' and coherent as to permit the trial court to understand the specific issues being raised on appeal." *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007); *see also* Pa.R.A.P. 1925(b)(4)(iv) (requiring the concise statement to set forth "non-redundant, non-frivolous issues … **in an appropriately concise manner**[.]" (emphasis added)). Voluminous Rule 1925(b) statements "make[] it all but impossible for the trial court to provide a comprehensive analysis of the issues." *Tucker*, 939 A.2d at 346 (citation omitted). In the instant appeal, the trial court issued a one-paragraph Rule 1925(a) opinion, which did not respond to all of Appellant's claims in his concise statement. *See generally* Trial Court Opinion, 2/21/24.

The trial court reasoned as follows in its Pa.R.A.P. 1925(a) opinion:

> **The [trial] court's entry of [the original] verdict without ruling on the admissibility of [Appellant's] expert rebuttal evidence was [] an oversight.** After the court entered its [original] verdict[,] there were a number of filings and a hearing related to the expert evidence that [Appellant] wanted to admit into evidence. It was the court's understanding that [Appellant], over objection by [Defendant], wanted the [trial] court to reconsider its [original] verdict and, more specifically, do so after having admitted [Dr. Kihm's rebuttal deposition] testimony in question. **The court did [reconsider its original verdict]** and, ultimately, entered a [new] verdict on August 24, 2023[, which was] identical to the [original verdict] entered on July 3, 2023.

Trial Court Opinion, 2/21/24, at 1 (emphasis added).

Appellant presents three issues for our review:

(1) Rule 227.1 of the Pennsylvania Rules of Civil Procedure and 42 Pa.[]C.S.A. § 5505 restrict a trial court's authority and jurisdiction after verdict, collectively limiting its authority to granting or denying requested post-trial relief once 30 days have passed from the issuance of a verdict. Without any request for post-trial relief, the trial court vacated its [original] verdict 43 days after the original verdict was docketed and redeliberated with new evidence[,] before issuing a new verdict 10 days later. Did the trial court lack the authority to do this?

(2) The trial court ultimately concluded that the rebuttal testimony of [Appellant's] expert regarding [Appellant's] injuries and long-term prognosis was admissible in its entirety. But the trial court inadvertently issued its original verdict—which will be the final decision in this case based upon this Court's resolution [of Appellant's] first question presented—without considering any of the rebuttal evidence. Did the trial court abuse its discretion by effectively excluding the rebuttal testimony of [Appellant's] expert in its entirety?

(3) Expert rebuttal testimony is proper where it discredits an opposing expert, but for the exclusion of such evidence to support a new trial, it must be prejudicial. [Appellant's] expert rebuttal testimony challenged Defendant's expert's

testimony on a critical item of damages and was [Appellant's] only opportunity to address Defendant's expert's testimony. Did the trial court abuse its discretion by denying [Appellant's] new trial request stemming from the trial court's wholesale exclusion of [Dr. Kihm's] rebuttal testimony?

Appellant's Brief at 3-5.

Appellant first claims the trial court erred in denying his PTM, where the court lacked authority and jurisdiction to *sua sponte* vacate the original verdict, over 30 days after its entry, and issue the second verdict. ***See id.*** at 28-33. Pointing to Rule 227.1, *supra*, Appellant claims its "language … places limitations on a trial court's authority once a verdict is issued[,]" as it "requires that for a court to act, a party must" first file a post-trial motion. ***Id.*** at 28; ***see also id.*** at 29 ("[A]fter trial concludes, a trial court may only grant relief specifically requested in a Rule 227.1" post-trial motion).

Appellant further argues that the court lacked jurisdiction to vacate its original verdict, pursuant to Section 5505, *supra*, where it failed to do so within 30 days of the original verdict's entry. ***See id.*** at 29-31; ***see also id.*** at 30 (citing ***Szwerc v. Lehigh Valley Health Network, Inc.***, 235 A.3d 331, 336 (Pa. Super. 2020) (stating pursuant to Section 5505, "a trial court's jurisdiction generally extends for thirty days after the entry of a final order. After the 30-day time period, the trial court is divested of jurisdiction." (citation, ellipses, and brackets omitted))).

Finally, Appellant asserts, "[w]hile the trial court's desire to correct its oversight" in issuing the original verdict without ruling on the admissibility of

Dr. Kihm's rebuttal deposition testimony "was understandable, … a redeliberation of evidence does not sufficiently cure the prejudice" to Appellant. Appellant's Brief at 32. Appellant points out that "in the criminal context, courts have consistently recognized the inability of a trial court to resume its factfinding function in a non-jury context once that role has been terminated." *Id.* at 32-33 (citing *Commonwealth v. Robinson*, 33 A.3d 89, 94 (Pa. Super. 2011) ("The trial court's verdict must be accorded the same legal effect as a jury verdict. Post-trial, the court cannot re-deliberate as it is no longer the fact finder.") (internal citation omitted)).

Defendant counters the trial court properly denied Appellant's PTM, and did not err in vacating the original verdict and "issuing a second verdict in the same amount as the [original verdict,] as the trial court was free to disregard [Dr. Kihm's] expert rebuttal testimony." Defendant's Brief at 9. According to Defendant, the trial court's action

> was entirely reasonable as [Dr. Kihm] is a podiatrist who never actually examined [Appellant,] while Dr. Burke is a board[-]certified orthopedic surgeon who physically examined [Appellant]. As such[,] the trial court was entitled to give Dr. Burke's opinion more weight than the opinion of Dr. Kihm and … to disregard Dr. Kihm's rebuttal testimony.

*Id.* (internal citations to record omitted).

Defendant further argues that

> [w]hile the trial court may have violated a rule of procedure in vacating its [original] verdict, the **Appellant cannot show that he was prejudiced** where the trial court admitted [Dr. Kihm's] rebuttal testimony, examined all of the evidence, and then issued a second verdict.

*Id.* at 10 (emphasis added). Defendant points out that at the conclusion of the August 14, 2023, hearing on the admissibility of Dr. Kihm's rebuttal testimony, "the trial court specifically advised, 'I will take all of the evidence into consideration in reaching my verdict.'" *Id.* (quoting N.T., 8/14/23, at 17).

"On review of the denial of a post-trial motion for a new trial, we apply an abuse of discretion standard,[13] and pure questions of law are reviewed *de novo*." **Thorson v. Eddw, LLC**, 309 A.3d 141, 147 (Pa. Super. 2024) (footnote added). "We must review the [trial] court's alleged mistake and determine whether the court erred, and if so, whether the error resulted in prejudice necessitating a new trial." *Id.* (citation omitted); **see also ACE Am. Ins. Co.**, 939 A.2d at 939 ("Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial." (citation omitted)). "A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would rule differently; **the moving party must show**

_____

[13] "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Parr v. Ford Motor Co.**, 109 A.3d 682, 690 (Pa. Super. 2014) (*en banc*) (citations omitted); **see also ACE Am. Ins. Co. v. Underwriters at Lloyds and Cos.**, 939 A.2d 935, 939 (Pa. Super. 2007) ("[A]bsent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial." (citation omitted)).

**prejudice** resulting from the mistake." ***Harman ex rel. Harman v. Borah***, 756 A.2d 1116, 1122 (Pa. 2000) (emphasis added); ***see also id.*** (stating all rulings on motions for a new trial are subject to a harmless error analysis, in which relief is precluded if no prejudice is established).

As stated above, Section 5505 provides: "**Except as otherwise provided or prescribed by law**, a court … may modify or rescind any order within 30 days after its entry, … if no appeal from such order has been taken or allowed."   42 Pa.C.S.A. § 5505 (emphasis added).   The Pennsylvania Supreme Court has explained, "the limits of jurisdiction enshrined in Section 5505 do not impinge on [the] time-honored inherent power of courts," including the power "to correct obvious and patent mistakes in its orders, judgments and decrees." ***Commonwealth v. Holmes***, 933 A.2d 57, 65 (Pa. 2007) (citation omitted).

> In addition to its equitable power to reconsider an otherwise final order after 30 days, a [trial] court has inherent power to amend its records, **to correct mistakes** of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record at any time.

***Mfrs. & Traders Tr. Co. v. Greenville Gastroenterology, SC***, 108 A.3d 913, 921 (Pa. Super. 2015) (citation and quotation marks omitted; emphasis added); ***see also*** Pa.R.A.P. 1701(b)(1) (recognizing a trial court's inherent authority to "correct formal errors" in the record notwithstanding a pending appeal).

- 14 -

Instantly, the trial court's mistake in entering the original verdict, without first ruling on the outstanding issue of admissibility of Dr. Kihm's rebuttal deposition testimony, was obvious and patent. *See* Trial Court Opinion, 2/21/24, at 1 ("The [trial] court's entry of [the original] verdict without ruling on the admissibility of [Appellant's] expert rebuttal evidence was [] an oversight."). Accordingly, "the limits of jurisdiction enshrined in Section 5505 do not impinge" on the trial court's inherent power to correct this obvious mistake. *Holmes*, 933 A.2d at 65.

We further conclude there was a breakdown of the trial court's processes. The court advised the parties it would consider the admissibility of Dr. Kihm's rebuttal deposition testimony, and the content of that testimony, prior to issuing a verdict. Nevertheless, the trial court prematurely entered its original verdict. We conclude this breakdown in the court's processes permitted withdrawal of the premature, original verdict, and the trial court's consideration of Appellant's PTM.

Moreover, the trial court's error was harmless; Appellant failed to meet his burden of proving prejudice. *See Harman*, 756 A.2d at 1122. In rendering the second verdict, the trial court considered all of the evidence, **including Dr. Kihm's rebuttal deposition testimony**, which it admitted over Defendant's objection. *See* N.T., 8/14/23, at 17 (trial court stating, "I will take **all of the evidence** into consideration in reaching my verdict." (emphasis added)); *id.* at 12 ("I am going to re-read everything in its entirety

again and issue a … new verdict."). **See also** Trial Court Opinion, 2/21/24, at 1 ("The court did [reconsider its original verdict] and, ultimately, entered [the second] verdict[.]"). Thus, as Appellant failed to prove prejudice, a new trial is not warranted. **See Harman**, 756 A.2d at 1122.

Finally, we are persuaded by Defendant's argument with respect to judicial economy:

> [T]he trial court's granting of a new trial in this matter would be an exercise in futility. A new trial … would simply cause the re-introduction of the identical evidence to the trial court that it has already heard and considered in rendering a verdict.

Defendant's Brief at 10.

Accordingly, there is no merit to Appellant's claim that because the trial court lacked authority to vacate its original verdict and issue a new verdict, a new trial is required. Appellant's first issue does not merit relief.[14]

Based on the foregoing, we conclude the trial court did not err or abuse its discretion in denying Appellant's PTM and entering the second verdict in Appellant's favor.

Judgment affirmed.

---

[14] Our disposition renders Appellant's remaining issues moot. **See** Appellant's Brief at 25 (stating if "the trial court lacked the authority to vacate its [original] verdict and issue its second verdict," then "the appellate analysis must continue." (some capitalization modified)).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/30/2024