J-A06002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                     :           PENNSYLVANIA
                                                     :
            v.                            :
                                                     :
STEVE CZAKO                         :
                                                   :
           Appellant            :   No. 618 WDA 2021

Appeal from the Judgment of Sentence Entered June 15, 2018
In the Court of Common Pleas of Washington County
Criminal Division at CP-63-CR-0002749-2016

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:         **FILED: MARCH 29, 2022**

Steve Czako (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of multiple sex offenses, the details of which are not relevant to this decision.[1]  Upon careful review, we affirm.

Appellant was tried and convicted in March 2018.  On June 15, 2018, the trial court sentenced Appellant to an aggregate 25 – 60 years of imprisonment.  Appellant timely filed post-sentence motions, arguing, in relevant part:

<u>COUNT ONE:  MOTION IN ARREST OF JUDGMENT</u>

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's twelve convictions include two counts of rape by forcible compulsion; one count of aggravated indecent assault of a person under the age of 13; and two counts of aggravated indecent assault of a person under the age of 16.  18 Pa.C.S.A. §§ 3121(a)(1), 3125(a)(7), 3125(a)(8).

* * *

> The Commonwealth's evidence relied solely upon testimony, uncorroborated by direct or physical evidence.
>
> The victim's [*sic*] and other Commonwealth witnesses' testimony were inconsistent and incredible to the degree that the jury's verdict was so contrary to the weight of the evidence so as to shock one's sense of justice. Commonwealth v. Ramtahal, 33 A.3d 602 (Pa. 2011).
>
> WHEREFORE, [Appellant] respectfully requests that the Court enter[] an order in arrest of judgment and reverse[] the jury's verdicts.

Post-Sentence Motions, 7/6/18, at 1-2 (paragraph numbering omitted).

By order entered November 7, 2018, the trial court denied Appellant's post-sentence motions. Appellant did not file a direct appeal.

On June 17, 2019, Appellant timely filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant obtained counsel, who filed an amended PCRA petition asserting that trial counsel was ineffective for failing to file a requested direct appeal, and seeking an evidentiary hearing. The trial court granted the petition on April 27, 2021, and reinstated Appellant's direct appeal rights.

Three days later, the trial court held a hearing on the aforementioned post-sentence motions. Appellant's counsel argued:

> The first is a Motion in Arrest of Judgment, Your Honor, and the only authority that [Appellant's trial counsel who had filed the post-sentence motions] raised was the *Commonwealth vs.*

> *Ramtahal* case,[2] which indicates that the evidence doesn't – outweighs the verdict. In other words, the evidence isn't sufficient. [Appellant] argues that the evidence presented in the trial was not enough to reach a logical conclusion by the jury of guilt beyond a reasonable doubt, and, in particular, [Appellant] has instructed previous counsel, through written correspondence, that he indicates that all of the evidence was circumstantial in nature, not physical or eye-witness testimony, and there was no diagrams of the scene or any other investigation done with regards to preserving evidence.

N.T., 4/30/21, at 3-4 (footnote added). The trial court denied Appellant's post-sentence motions. *Id.* at 5.

Appellant timely appealed, *nunc pro tunc*. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant complied. He asserted:

> [Appellant] contends that the court erred in denying his motion in arrest of judgment, which was advanced in his post-sentence motion and during oral argument on the same (the "Argument"). For the reasons advanced by [Appellant's] prior counsel in the motion in arrest of judgment and at Argument, the jury's verdict in the above-captioned matter is so contrary to the evidence as to shock one's sense of justice, and this court erred and abused its discretion in not so finding.

Pa.R.A.P. 1925(b) Statement, 6/16/21, at 2-3 (unnumbered; unnecessary capitalization omitted).

The trial court concluded Appellant waived this issue. The court detailed its reasoning as follows:

> Appellant's first misstep occurs in asserting an improper standard in conjunction with his Motion in Arrest of Judgment.

_____

2 The appellant in **Ramtahal** challenged both sufficiency and weight of the evidence. **Ramtahal**, 33 A.3d at 607-09.

**Motions in arrest of judgment are evaluated under a sufficiency of the evidence standard, not a weight of the evidence standard** as Appellant argues [in his Rule 1925(b) statement]. ***See Commonwealth v. Robinson***, 33 A.3d 89, 94 (Pa. Super. 2011) (stating "in passing upon a motion in arrest of judgment, the sufficiency of the evidence must be evaluated upon the entire trial record; all of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom."); ***Commonwealth v. Kirkman***, 399 A.2d 720, 722 (Pa. Super. 1979); ***Commonwealth v. Nelson***, 369 A.2d 279, 280 (Pa. Super. 1976).

Further, it should be noted that a 1993 amendment to Pennsylvania Rule of Criminal Procedure 606 changed the terminology to "motion for judgment of acquittal" for challenges to the sufficiency of the evidence, retiring the use of "motion in arrest of judgment" for the same. Pa.R.Crim.P. 606, cmt. 1. As such, if Appellant's desire was to file a true motion in arrest of judgment, it would have been more appropriately entitled a motion for judgment of acquittal. ***Id.*** However, **as Appellant has conflated one evidentiary standard with a mismatched motion, this court is left to inquire as to what were Appellant's true intentions**.

\* \* \*

[F]inally, **to the extent that Appellant wishes to argue weight of the evidence on appeal, he has waived the right to do so as he chose the wrong vehicle to make such a challenge**. The Pennsylvania Superior Court has previously refused to entertain motions in arrest of judgment in conjunction with a weight of the evidence standard, holding that sufficiency of the evidence is the only appropriate course upon which an Appellant may seek relief. ***Kirkman***, 399 A.2d at 722 … ("**the assertion that the verdict is against the weight of the evidence is not a proper consideration in passing on a motion in arrest of judgment**" [(emphasis added)]). Further, it should be noted that according to the 1993 amendment of Pennsylvania Rule of Criminal Procedure 606, comment 1, motions in arrest of judgment are more appropriate for raising a challenge "based on the court's jurisdiction, on double jeopardy, or on the statute of limitations," rather than raising any type of evidentiary challenges. Pa.R.Crim.P. 606, cmt. 1.

- 4 -

Although Appellant does reference weight of the evidence language in his 1925(b) statement by stating "the jury's verdict in the above-captioned matter is so contrary to the evidence as to shock one's sense of justice, and this court erred and abused its discretion in not so finding," he does so in reference to his Motion in Arrest of Judgment, which as stated previously, requires a sufficiency of the evidence standard. *See Robinson*, 33 A.3d at 94 (Pa. Super. 2011). Because of this, Appellant not only confuses the issues, but also the court. **Had Appellant actually wished to raise weight of the evidence on this appeal, the proper method to do so would have been in the form of a motion for new trial in his post-sentence motions, pursuant to Rule 607 of the Pennsylvania Rules of Criminal Procedure.** Pa.R.Crim.P. 607 ("a claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial … in a post-sentence motion."). Appellant's inability to assert the proper standard in conjunction with the proper motion in order to seek the relief he desires should result in an automatic waiver of this issue on appeal.

In the alternative, should the Superior Court determine that Appellant has properly raised the issue of weight of the evidence, the issue should still be deemed waived because it was not properly preserved at the trial court level. According to Pennsylvania Rule of Criminal Procedure 607, weight of the evidence must be preserved in a post-sentence motion or prior to sentencing orally or through a written motion. Pa.R.Crim.P. 607. However, here Appellant failed to preserve his right to raise weight of the evidence on appeal by arguing sufficiency of the evidence during his Post-Sentence Motion Hearing. During oral argument, [Appellant's counsel] stated "the only authority that [Appellant's trial counsel who filed the post-sentence motions] raised was the *Commonwealth v. Ramtahal* case, which indicates that the evidence doesn't — outweighs the verdict [*sic*]. In, other words, **the evidence isn't sufficient**." ([N.T., 4/30/21, at] 3:19-20) (emphasis added). Despite [trial counsel's] attempt to raise a weight of the evidence standard within his Motion in Arrest of Judgment, even though improper, [Appellant's current counsel] redefined the argument to raise sufficiency of the evidence as the focal issue facing this court. **Not only was this court faced with a motion traditionally associated with a sufficiency of the evidence standard, but it was also presented with argument on the same.** Because of this, weight of the evidence

- 5 -

was not properly preserved and thus, Appellant has forfeited the right to raise any such challenge here.

Trial Court Opinion, 7/14/21, at 6-9 (emphasis added).

On appeal, Appellant presents a single issue for our consideration:

WHETHER THE TRIAL COURT ERRED IN FINDING [APPELLANT'S] WEIGHT OF THE EVIDENCE CLAIM WAS WAIVED WHERE SAID CLAIM WAS ADVANCED IN A POSTSENTENCE MOTION, RAISED AT ORAL ARGUMENT ON THAT POST-SENTENCE MOTION, AND INCLUDED IN A TIMELY FILED Pa.R.A.P. 1925(b) STATEMENT; AND THE TRIAL COURT SHOULD THUS BE REQUIRED TO PREPARE A SUPPLEMENTAL Pa.R.A.P. 1925(a) OPINION ADDRESSING THE MERITS OF [APPELLANT'S] WEIGHT OF THE EVIDENCE CLAIM AND [] PERMITTED [APPELLANT] TO FILE A SUPPLEMENTAL APPELLATE BRIEF ADDRESSING THE TRIAL COURT'S EXERCISE OF DISCRETION IN DENYING HIS WEIGHT OF THE EVIDENCE CLAIM?

Appellant's Brief at 8.[3]

Our Supreme Court has instructed: "The applicability of waiver principles presents a question of law, over which our standard of review is *de novo*." ***Temple v. Providence Care Ctr., LLC***, 233 A.3d 750, 760 (Pa. 2020) (citation omitted). Our scope of review is plenary. ***Id.***

In challenging the trial court's conclusion that he waived his weight claim, Appellant concedes that trial counsel, in post-sentence motions, improperly used the term

"arrest of judgment" – an outdated label/term – [which] applies to sufficiency of the evidence claims. That said, the actual content of [counsel's] argument pertained to weight of the evidence, not sufficiency. Indeed, a sufficiency of the evidence challenge

_____

[3] By correspondence dated November 30, 2021, the Commonwealth advised this Court it would not be filing an appellate brief.

involves a review of the record to determine whether the Commonwealth presented proof of each material element of the crimes charged. [Appellant's counsel], however, did not identify any element(s) of the offenses lodged against [Appellant] lacking sufficient proof. Instead, he challenged the quality of the Commonwealth's testimony, asserting that the same was uncorroborated, inconsistent, and incredible.

Appellant's Brief at 30-31 (citations omitted).

Nonetheless, Appellant emphasizes the language in his post-sentence motions which stated: "The victim's [*sic*] and other Commonwealth witnesses' testimony were inconsistent and incredible to the degree that the jury's verdict was so contrary to the weight of the evidence so as to shock one's sense of justice." Appellant's Brief at 27 (citing Post-Sentence Motions, 7/6/18, at 2). Appellant further references his Rule 1925(b) statement, in which he asserts, "the jury's verdict in the above-captioned matter is so contrary to the evidence as to shock one's sense of justice." *Id.* at 28 (quoting Pa.R.A.P. 1925(b) Statement, 6/16/21, at 2-3 (unnumbered)). Appellant asks that we "not find waiver based on the name of a motion when the content of the motion preserved the claim now being advanced." *Id.* at 33 (footnote omitted). Appellant requests remand for the trial court to prepare a supplemental Pa.R.A.P. 1925(a) opinion addressing his weight claim (and for Appellant to file a responsive appellate brief). *Id.* at 29-30.

Upon review, we are constrained to agree with the trial court. Rule of Criminal Procedure 607 requires a defendant to raise a weight claim **in a motion for a new trial** on the record, either before, during, or after

- 7 -

sentence. Pa.R.Crim.P. 607(A). Failure to do so constitutes waiver. *See* ***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009) (appellant waived weight claim for failure to raise it before the trial court as required by Rule 607); ***see also*** Trial Court Opinion, 7/14/21, at 8 (same). Here, as in ***Sherwood***, "Appellant's failure to challenge the weight of the evidence before the trial court deprived that court of an opportunity to exercise discretion on the question of whether to grant a new trial." ***Sherwood***, 982 A.2d at 494; ***see also In re F.C., III***, 2 A.3d 1201, 1212 (Pa. 2010) (jurisprudential mandate of waiver is "grounded upon the principle that a trial court … must be given the opportunity to correct its errors as early as possible," which "advances the orderly and efficient use of our judicial resources.").

This Court's decision in ***Commonwealth v. Smith***, 853 A.2d 1020 (Pa. Super. 2004), is instructive. In ***Smith***, we addressed whether the defendant waived his challenge to the weight of the evidence where his counsel, at sentencing, stated: "Your Honor, first off, under Rule 607, I am going to make a motion for judgment of acquittal," but then "specifically characterized his complaint as being that there 'was insufficient evidence.'" ***Id.*** at 1027 (citation omitted). In finding waiver, we explained the "critical" distinction between weight and sufficiency challenges. ***Id.*** at 1028; ***see also id.*** at 1027 (noting defendant's counsel stated he moved for judgment of acquittal, which is associated with a sufficiency challenge, not weight). We reasoned:

> The only suggestion that [defendant's] counsel argued against the weight of the evidence was that he cited [R]ule 607. A mere mention of the rule number under which challenges to the weight of the evidence are made does not constitute a challenge to the weight of the evidence.

*Id.* at 1027-28. Accordingly, we held appellant waived his weight claim for failure to raise it before the trial court. *Id.* at 1028; *see also* *Commonwealth v. Platts*, 226 A.3d 646, at **7-8 (Pa. Super. 2020) (unpublished memorandum) (appellant waived weight claim where he moved for "judgment of acquittal" at sentencing, stating: "He did not move for a new trial. Because Appellant never moved for a new trial as required under Rule 607, he has waived his weight of the evidence challenges.").

Finally, although Appellant is correct that in *Kirkman*, *supra*, this Court remanded for the trial court to address a weight challenge, *see* Appellant's Brief at 33, n.3, unlike this case, the defendant in *Kirkman*, in addition to filing a motion in arrest of judgment, "**filed a motion for a new trial** which was not acted upon by the court below." *Kirkman*, 399 A.2d at 722 (emphasis added). Thus, *Kirkman* is not on point.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2022

- 9 -